IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARNALDO WILSON LOPEZ<br>Petitioner<br>vs<br>FEDERAL BUREAU OF PRISONS<br>CARLOS RODRIGUEZ, Community Corrections Manager (for the District of Puerto Rico)<br>Miami Office,<br>SHERRY LENWAY, CASE MANAGER M.D.C. GUAYNABO, P.R.<br>Respondents | CIVIL 05-1772CCC |

**O R D E R**

Petitioner Arnaldo Wilson-López (hereinafter, "Petitioner"), a federal prisoner, filed for a writ of habeas corpus under 28 U.S.C. §2241, challenging the alleged refusal of the United States Bureau of Prisons ("BOP) to allow his transfer to a community corrections center ("CCC") or halfway house. After reviewing the pleadings from the Petitioner and the defendants, the Court DENIES AS MOOT the relief requested and DISMISSES this case for the reasons discussed below.

I. BACKGROUND

Petitioner Wilson-López reports that he was sentenced on January 14, 1998, to sixty-three (63) months confinement in a federal prison on his conviction for conspiracy to possess with intent to distribute approximately 500 grams of heroin in violation of 21 U.S.C. §846. He is presently confined at the Metropolitan Detention Center in Guaynabo, Puerto Rico.

The Petitioner was scheduled to be transferred to the CCC on March 1, 2006. His projected release date was May 15, 2006. Petitioner alleged that his pre-release preparation date was November 15, 2005.

On July 13, 2005, Petitioner filed this Petition. Petitioner contended that he was entitled to federal habeas corpus relief under 28 U.S.C. §2241 because, according to him, the BOP acted contrary to 18 U.S.C. §3624 when it did not grant him the maximum amount of time

CIVIL 05-1772 CCC                                2

allowed, six months or the ten percent of his sentence (whichever is less), of CCC placement. Petitioner alleged that the date scheduled for his transfer to a CCC was 106 days short of the date to which he was supposedly entitled under 18 U.S.C. §3624(c).

However, as shown by the exhibits submitted by the respondents, on July 14, 2005, Petitioner requested not to participate in the CCC placement due to personal problems. Respondents alleged that prior to excluding the Petitioner from CCC placement, a unit team from MDC Guaynabo made efforts to encourage him to participate in the CCC placement, but Petitioner declined.

Notwithstanding, on November 22, 2005, Petitioner was released from MDC Guaynabo's custody and designated to a CCC, as he requested in his petition for habeas corpus. His projected good conduct time release date is March 15, 2006.

II. DISCUSSION

Federal law provides for the placement of an inmate in pre-release custody near the end of his sentence to allow prisoners an opportunity to adjust to the community prior to their release. 18 U.S.C. §§3624(c) provides that to the extent practicable, such placement will take place during the last ten percent of a prisoner's sentence, not to exceed 6 months:

> "The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." 18 U.S.C. §§3624(c).

In the instant case, the Court agrees with respondents that the instant Petition is subject to dismissal as no case or controversy currently exists. Despite having initially declined to be placed in a CCC, Petitioner Wilson-López later changed his mind and sought to have the Court order the BOP to approve him for a minimum six-month placement in a CCC. The record establishes that on November 22, 2005 Petitioner was transferred to a CCC, where he has remained. According to the declaration submitted by respondents, the BOP approved Petitioner Wilson-López for the 180 day placement. As such, no case or controversy presently exists in this case. Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (An inmate's

CIVIL 05-1772 CCC                              3

release from prison and placement on a CCC moots his claim for habeas corpus relief). The record indicates that Petitioner Wilson-López was afforded the relief which he sought through this action.

III. CONCLUSION

For the reasons stated herein, Petitioner's writ of habeas corpus pursuant to 28 U.S.C. §2241 (**docket entries 1, 3**) is hereby DENIED AS MOOT and this proceeding is DISMISSED. Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on January 27, 2006.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge